12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GUAM PARADISE CO., Plaintiff-Appellant,
v.
MITSUBISHI CORPORATION, LTD., Mitsubishi International
Corporation, Mitsubishi Heavy Industries, Ltd.,
and Mitsubishi Heavy Industries of
America, Inc., Defendants-Appellees.
 No. 92-16714.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 29, 1993.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Causation is an essential element in Guam Paradise Company's (GPC's) claim for intentional interference with prospective economic advantage. Buckaloo v. Johnson, 537 P.2d 865, 872 (Cal.1975); see also Los Angeles Land Co. v. Brunswick Corp., No. 92-55134, slip op. at 11642-43 (9th Cir. October 13, 1993). GPC offers no significant, probative evidence to establish that it was reasonably probable it would have obtained the contract with the Port Authority of Guam but for Mitsubishi's wrongful interference. The evidence put forward by Mitsubishi demonstrates that GPC's bid was rejected by the Port due to excessive price and nonconformance with bid specifications. GPC produced no contrary evidence of the Port's intent that would be supportive of GPC's position.
 
 
 3
 When a party fails to make a sufficient showing to establish an essential element of that party's case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). GPC's failure to establish the causation element of its case against Mitsubishi means its case cannot survive a motion for summary judgment. Id. at 322-23; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52 (1986); Fed.R.Civ.P. 56(c).
 
 
 4
 GPC's reliance on the deposition testimony of the general manager of the Port, David Tydingco, does not meet its burden of establishing causation. We find that Tydingco's deposition testimony is not susceptible of the inference that the Port had never considered the question of nonconformance of GPC's bid at the time its bid was rejected. Furthermore, GPC's argument overlooks the fact that when the Port rejected GPC's bid, it notified GPC in writing that the bid was rejected because of excessive price. GPC's only challenge to the rejection based on price is that the price was too high because of the tortious tactics of Mitsubishi. This does not answer the causation question. Additionally, GPC has offered no evidence suggesting that Tydingco was not telling the truth when he said the bid would never have gone to GPC. In short, the evidence is "so one-sided" that Mitsubishi must prevail as a matter of law. Anderson, 477 U.S. at 252.
 
 
 5
 We have considered the other contentions presented by GPC and conclude that none warrant reversal. The Port's rejection of GPC's bid and the procurement process used by it are not on review. The district court correctly applied the applicable law concerning intentional interference with prospective contractual advantage. GPC's case fails because the causation element of this tort has not been established.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3